UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
| ORLANDO M. PERDOMO, JR., ) | Case No. 19-10812-BFK |
| ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| _____) | |

**MEMORANDUM OPINION AND
ORDER DENYING MOTION
TO RECONSIDER**

This matter comes before the Court on the Chapter 7 Trustee's Motion to Reconsider the Court's Order denying approval of the Trustee's proposed settlement with the Debtor and the Debtor's related companies. Docket No. 165. The Debtor and his related companies have joined in the Trustee's Motion. Docket No. 173. The U.S. Trustee opposes the Motion. Docket No. 171. The Court conducted an evidentiary hearing on the Trustee's Motion, at which the Trustee and the Debtor testified, on November 10, 2020. For the reasons stated below, the Court will deny the Trustee's Motion.

**Findings of Fact**

The Court, having heard the evidence, makes the following findings of fact.

*A. The Debtor's Bankruptcy Case.*

1.  The Debtor, Orlando Perdomo, Jr. ("the Debtor," or "Mr. Perdomo"), is an individual who lived in Virginia at the time he filed this case. He now resides in New York. Mr.

1

Perdomo has been involved in the construction demolition business under a variety of company names, the current one being Perdomo of NY, LLC.[1]

2.  The Debtor filed a Voluntary Petition under Chapter 7 with this Court on March 14, 2019. Docket No. 1.

3.  On March 6, 2020, the Trustee filed an Application to Employ Jennifer L. Kneeland, Esq. and the Law Firm of Watt, Tieder, Hoffar & Fitzgerald, L.L.P. as special counsel under Bankruptcy Code Section 327(e). Docket No. 121. As part of the Application Ms. Kneeland properly disclosed that she and her firm represented Allied World Insurance Company ("Allied"), which is a pre-petition creditor of the Debtor. *Id.* at 2.

4.  In June 2019, Allied filed a civil action against the Debtor, his father, and the Debtor's companies in the Eastern District of Pennsylvania. The case was transferred to the Eastern District of Virginia on April 21, 2020. *Allied World Insurance Co. v. Perdomo Industrial, LLC, et al.*, 1:20-cv-00442-TSE-MSN. Ms. Kneeland and her firm represent Allied in this action.[2]

5.  The Court granted the Trustee's Application to Employ special counsel on May 11, 2020. Docket No. 134.

B. *Allied's Objection to the Debtor's Discharge.*

6.  On November 20, 2019, Allied filed a Complaint objecting to the Debtor's discharge under Section 727 of the Bankruptcy Code. Compl. *Allied World Insurance Company v. Perdomo, Jr.*, Adv. Pro. No. 19-01110-BFK. Allied alleged that the Debtor was untruthful in

---

[1] The Debtor's father, Orlando Perdomo, Sr., also has been involved in the businesses, at least as a part owner. For purposes of this Opinion and Order, the Court will refer to the Debtor as "Mr. Perdomo," except where otherwise indicated.

[2] The case has been stayed, pending the outcome of the Trustee's Settlement Motion in this case. Order Granting Mot. to Stay, *Allied World Insurance Co. v. Perdomo Industrial, LLC, et al.*, 1:20-cv-00442-TSE-MSN, Docket No. 129, Sept. 23, 2020.

his Schedules and Statement of Financial Affairs, and that, therefore, he should be denied a discharge or his discharge should be revoked. *Id.*, Docket No. 1.

7. Allied filed a Motion for Summary Judgment with supporting Affidavits. *Id.*, Docket Nos. 52-56. The Debtor opposed Allied's Motion. *Id.*, Docket Nos. 80-82.

8. On September 8, 2020, the Court granted Allied's Motion for Summary Judgment in part and denied it in part. *Id.*, Docket Nos. 95, 99. Specifically, the Court found that: (a) the Debtor failed to disclose his co-ownership of a 2018 Audi R8 with a stated value of $110,000.00; and (b) the Debtor failed to disclose the transfer of a 30% interest in Perdomo National Wrecking, LLC, to his father within two years of the bankruptcy case. *Id*. The Court denied Allied's Motion with respect to the Debtor's alleged fraudulent intent, and with respect to certain other alleged misstatements. *Id*.

9. The case was set for a trial on October 15, 2020. Docket No 100. The trial was continued when the Trustee filed his Settlement Motion.

C.  *The Trustee's Adversary Proceeding.*

10. On March 10, 2020, the Trustee, through his counsel Ms. Kneeland, filed an Adversary Complaint against Perdomo of NY, LLC, and a number of other related companies. Compl. *Gold v. Perdomo, Jr. et al.*, Adv. Pro. No. 20-01020-BFK.

11. The Trustee sought, and the Court granted, a Temporary Restraining Order and a Preliminary Injunction, which granted the Trustee a certain amount of control over the Debtor's companies and imposed strict reporting requirements with respect to the companies' contracts and uses of funds. *Id.*, Docket Nos. 5 (TRO), 28 (Preliminary Injunction), 55 (Order Modifying Preliminary Injunction), 145 (Order Granting in Part Preliminary Injunction Order).

12.     This case was set for a trial on the merits on September 24 and 25, 2020. *Id.*, Docket No. 146. The trial was continued when the Trustee filed his Settlement Motion.

*D. The Trustee's Motion to Approve the Settlement.*

13.     On September 23, 2020, Allied and the Trustee filed a Joint Motion for Approval of a Settlement with the Debtor and his companies pursuant to Bankruptcy Rule 9019 ("the Settlement Motion"). *In re Perdomo*, Case No. 19-10812-BFK, Docket No. 153.

14.     The Settlement Motion included a Settlement Agreement. *Id.*, Ex. A. On the day before the hearing on the Motion to Reconsider, the Trustee submitted an Amended Settlement Agreement (the "Amended Settlement Agreement"). Docket No. 176.

15.     The terms of the Amended Settlement Agreement are complicated, but its basic provisions are as follows:

(a) Perdomo of NY, LLC, and the Debtor, jointly and severally, agree to pay the Trustee $1,650,000.00, over time between the date of the settlement and April 1, 2025. Am. Settlement Agreement at ¶¶ 2(a)-(c).

(b) If Perdomo of NY, LLC and the Debtor paid the Trustee $1,450,000.00 by December 31, 2021, the settlement amount would be deemed to be fully satisfied. *Id.* at ¶ 2(d).

(c) As collateral for the Debtor's and Perdomo of NY, LLC's obligations, Perdomo of NY, LLC, and the Debtor would escrow a non-dischargeable judgment with the Trustee in the amount of $2,300,000.00, which could be entered upon a default. *Id.* at ¶ 3(a).

(d) As additional collateral, Orlando Perdomo, Sr. would escrow a judgment with the Trustee in the amount of $350,000.00, which could be entered upon a default. *Id.* at ¶ 3(b).

(e) Upon approval of the settlement, Allied would dismiss its action in the District Court with prejudice. *Id*. at ¶ 6(b).

(f) Upon approval of the settlement, the Trustee would dismiss his adversary proceeding against the Debtor and his companies with prejudice and would cause the Preliminary Injunction to be vacated. Further, Allied would cause the Discharge Action to be dismissed with prejudice. *Id.* at ¶ 6(c).[3]

(g) The parties would exchange mutual releases upon approval of the settlement. *Id*. at ¶ 7.[4]

16. The Court granted the Trustee's request for an expedited hearing on the Settlement Motion. Docket No. 156.

17. The U.S. Trustee filed a pleading requesting additional time to review the settlement. Docket No. 160.

18. The Court conducted a hearing on the Settlement Motion on October 13, 2020. At the conclusion of the hearing the Court denied approval of the Settlement Motion because the Court concluded that it violated public policy in that it called for the Debtor to buy a discharge. Docket No. 163.[5]

E. *The Evidentiary Hearing on the Motion to Reconsider.*

19. The Court conducted an evidentiary hearing on the Motion to Reconsider on November 10, 2020.

---

[3] The original Settlement Agreement provided that, as further collateral, the Debtor and Perdomo of NY, LLC, would escrow a non-dischargeable judgment in favor of Allied in the amount of $1,336,005.00, which would be "non-cumulative" with the Trustee's judgments, and which could be entered in the event of a default. This term has been deleted from the Amended Settlement Agreement. Settlement Agreement, Docket No. 153 at ¶ 3(c).

[4] The original Settlement Agreement provided that "all debts listed in the Debtor's Petition shall be discharged, to the extent permitted under the Bankruptcy Code." Settlement Agreement, Docket No. 153 at ¶ 7(a).

[5] The parties elected not to present any evidence in support of the Settlement Motion at this hearing.

20. At the hearing, the Trustee testified that, in his business judgment, the Amended Settlement Agreement is in the best interests of the bankruptcy estate. The Trustee estimated that, if approved, the Amended Settlement Agreement would enable him to pay all administrative and priority claims in full, and to pay a distribution to the unsecured creditors of as much as 50% of their claims.

21. The Court asked the Trustee whether, in his experience, he had ever supported a settlement of this kind, where a part of the consideration flowing to the Debtor was the dismissal of a Section 727 action. The Trustee testified that he could not recall such an instance, though he testified that Section 727 cases are settled "all the time."

22. Mr. Perdomo also testified in support of the settlement. Mr. Perdomo testified that his bankruptcy case was impeding his ability to secure bonding for new jobs for his companies. In his view, it is vitally important that the settlement be approved so that he can secure bonding, which in turn, will enable him to earn enough to pay the settlement amount to the Trustee over time. Mr. Perdomo testified that he was entering into the Amended Settlement Agreement in order to "do right by the creditors," though clearly, his discharge is equally important to him.

23. The U.S. Trustee, in arguing against approval of the Amended Settlement Agreement, maintained that the Court had "crossed the Rubicon" in its Order granting in part Allied's Motion for Summary Judgment in the discharge action. In the U.S. Trustee's view, the Debtor is either entitled to a discharge or he isn't. If he is entitled to a discharge he should not be required to settle with the Trustee. If he is not entitled to a discharge, then approval of the settlement offends the integrity of the bankruptcy system.

## Conclusions of Law

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference entered by the U.S. District Court for this District on August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

Bankruptcy Rule 9023 incorporates Rule 59 of the Federal Rules of Civil Procedure. Under Rule 59(e), the courts have recognized three grounds for amending a judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Braunstein v. Pickens*, 406 Fed. Appx. 791, 798 (4th Cir. 2011) *quoting Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993); *In re Mitrano*, 409 B.R. 812, 819-20 (E.D. Va. 2009). Reconsideration of a judgment is "an extraordinary remedy which should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 403; *In re Mitrano*, 409 B.R. at 820. The moving parties do not suggest that there has been an intervening change in the controlling law on the approval of settlements involving objections to discharges. The moving parties also did not present any new evidence at the evidentiary hearing on this Motion. Rather, the moving parties argue that the Court simply got it wrong when it declined to approve the settlement. The Court finds, however, that there has been no manifest injustice under the facts of this case.

Two approaches to assessing the settlement of discharge actions have developed in the case law, the *per se* approach (the minority rule) and the pragmatic approach (the majority rule). The *per se* rule prohibits the settlement of objections to discharges in all cases, under the theory that debtors should not be entitled to buy discharges. *In re Vickers,* 176 B.R. 287, 290 (Bankr. N.D. Ga. 1994); *In re Moore*, 50 B.R. 661, 663-64 (Bankr. E.D. Tenn. 1985).

The pragmatic approach allows for the settlement of discharge actions where, as in the approval of settlements generally, the Court has considered: (1) the probability of success on the merits in the litigation; (2) the possible difficulties of collecting any judgment awarded; (3) the complexity and expense of the litigation; and (4) the interests of the creditors, giving deference to their reasonable views. *In re Bullis*, 515 B.R. 284, 288-89 (Bankr. E.D. Va. 2014); *In re Salinardi,* 307 B.R. 353, 361-63 (Bankr. D. Conn. 2004); *In re Hass*, 273 B.R. 45, 50 (Bankr. S.D. N.Y. 2002); *In re Bates*, 211 B.R. 338, 343 (Bankr. D. Minn. 1997). The Court agrees with Judge Mayer's opinion in *Bullis* that the *per se* approach is inconsistent with Bankruptcy Rules 9019 and 7041, both of which contemplate and do not preclude the compromise and dismissal of objections to discharge. *See Bullis*, 515 B.R. at 287. The Court further agrees that the pragmatic approach is "best suited to allow a careful consideration of the multitude of factors that may occur" in any litigation. *Id.* at 288.

A number of courts have identified *In re Margolin*, 135 B.R. 671 (Bankr. D. Colo. 1992), as representing a third approach. In *Margolin,* the Bankruptcy Court held that an objection to discharge may be dismissed after: (1) notice and full disclosure of the terms of the settlement; and (2) allowing the opportunity for other creditors and/or the trustee to intervene. 135 B.R., at 673. The Court views *Margolin* to be consistent with the majority, pragmatic approach. Further, as more fully discussed below, the Court views *Margolin's* focus on providing creditors and the U.S. Trustee the opportunity to intervene to be particularly important.

A plaintiff who files a Section 727 objection to discharge occupies the position of a fiduciary for all of the creditors. *In re Bullis*, 515 B.R. at 287; *In re de Armond*, 240 B.R. 51, 57 (Bankr. C.D. Cal. 1999). For this reason, Bankruptcy Rule 7041, and this Court's Local Rule

8

7041-1, require notice to the U.S. Trustee and the creditors of any intended dismissal of a Section 727 case. The Advisory Committee Notes to Rule 7041 state:

> The United States Trustee has standing to object to the debtor's discharge pursuant to § 727(c) and may have refrained from commencing an adversary proceeding objecting to discharge within the time limits provided in Rule 4004 only because another party commenced such a proceeding. The United States Trustee may oppose dismissal of the original proceeding.

Bankruptcy Rule 7041 (Notes of Advisory Committee on Rules – 1991 Amendment).

The implied premise of Rule 7041 and the Local Rule is that the creditors and the U.S. Trustee should be afforded the opportunity to intervene if the plaintiff decides to settle with the debtor and to dismiss the Section 727 action. As one bankruptcy court held:

> [T]he Court finds merit in *Margolin*'s position that the United States Trustee or other creditors be given the opportunity to be substituted as the plaintiff in the underlying § 727 action. Such an opportunity guards against the danger that a dishonest debtor may be able to "buy" a discharge by settling a § 727 action. In fact, the Court views the allowance of substitution as implicit in the majority's fair and equitable standard. In other words, the Court holds that to be fair and equitable, a motion to approve settlement or the terms of the § 727 settlement itself must at least give the United States Trustee and other creditors the opportunity to be substituted as plaintiffs in the underlying action.

*In re Kalantzis*, 2000 WL 33679401, at *4 (Bankr. N.H. 2000). *See also In re Salinardi,* 307 B.R. at 359 (notice under Rule 7041 requires that a Section 727 action "should not be susceptible of dismissal by the plaintiff without an opportunity for other parties – who are materially affected by it, and may have relied on its pendency – to step into that plaintiff's shoes and continue its prosecution for the common good.") (Footnote omitted).

Absent the provision in the Amended Settlement Agreement requiring Allied to withdraw its objection to discharge with prejudice without affording the U.S. Trustee the opportunity to intervene, the proposed settlement is a reasonable exercise of the Trustee's business judgment and it materially benefits the creditors. The settlement was negotiated at arms-length. The two

adversary proceedings, and Allied's civil action in the District Court, are all uncertain as to result and will be expensive collectively to try. But for Section 6(c), requiring Allied to dismiss the Section 727 Adversary Proceeding without allowing the U.S. Trustee an opportunity to intervene, the Court would approve the settlement. The converse is also true: if the Settlement Agreement allowed the U.S. Trustee the opportunity to intervene and the U.S. Trustee declined, the Court would approve the settlement.

The Chapter 7 Trustee, who has considerable experience both as a private attorney and as a Trustee, testified that Section 727 cases are settled and dismissed all the time. It is true that Section 727 actions are routinely settled and dismissed, but *only* after affording the creditors and the U.S. Trustee the opportunity to intervene and where the U.S. Trustee declines (most often by not objecting to the dismissal). The Trustee, Allied and the Debtor suggest that the U.S. Trustee is arguing for the *per se* rule, that Section 727 actions can never be dismissed. Their position, however, essentially would read Bankruptcy Rule 7041's and the Local Rule's notice provisions out of the Rules. While the Trustee and Allied have provided notice, such notice is rendered meaningless if the Court were to dismiss the Section 727 action without affording the U.S. Trustee or another creditor the opportunity to intervene.

The Trustee, Allied and the Debtor argue that all of the consideration under the settlement is flowing to the bankruptcy estate (after deleting the provision for the Judgment in favor of Allied). This is true but the Court cannot substitute even a very good return to the creditors for the requirements of the Bankruptcy Rules themselves.[6]

---

[6] The Trustee, Allied and the Debtor further argue that the settlement would enable the Trustee to pay the priority claim of the Debtor's ex-spouse for child support, estimated to be around $70,000.00, in full. This is certainly a laudable goal. Domestic support obligations, on the other hand, are not dischargeable in Chapter 7, so this debt will survive the Debtor's bankruptcy case, even if he receives a discharge. 11 U.S.C. § 523(a)(5).

Finally, the Court reiterates that the Section 727 adversary proceeding has not yet been decided. Although the Court has found that the Debtor made two material misrepresentations in his Schedules and Statement of Financial Affairs, the issue of his intent is still unresolved and the Plaintiff continues to bear the burden of proof on that issue.

The Court finds, therefore, that there has been no manifest injustice in denying the Trustee's Settlement Motion. The Motion to Reconsider will be denied.

## Conclusion

It is therefore **ORDERED**:

A. The Motion to Reconsider is denied.

B. The Clerk will mail copies of this Memorandum Opinion and Order, or will provide cm-ecf notice of its entry, to the parties below.

Date: Nov 25 2020

Alexandria, Virginia

/s/ Brian F Kenney
Brian F. Kenney
United States Bankruptcy Judge

Entered On Docket: November 25, 2020

Copies to:

Orlando M. Perdomo, Jr.
1575 Anderson Road, Apt. 909
McLean, VA 22102
*Chapter 7 Debtor*

David J. McClure, Esquire
602 S. King Street, Suite 200
Leesburg, VA 20175
*Counsel for Chapter 7 Debtor*

Jennifer Larkin Kneeland, Esquire
1765 Greensboro Station Place, Suite 1000
McLean, VA 22102
*Counsel for Chapter 7 Trustee*

11

Robert M. Marino, Esquire
510 King Street, Suite 301
Alexandria, VA 22314-3143
*Counsel for Chapter 7 Trustee*

James J. Faughnan, Esquire
Fred A. Mendicino, Esquire
21355 Ridgetop Cir., Suite 110
Dulles, Virginia 20166
*Counsel for Defendants in Adv. Pro. No. 20-01020:*
*Perdomo of NY, LLC,*
*Perdomo Workforce of NY, LLC,*
*Perdomo Demolition of NY, LLC,*
*Perdomo Industrial of NY, LLC,*
*Perdomo National Wrecking Group, LLC, and Perdomo Development of NY, LLC*

Jack Frankel, Esquire
Office of the U.S. Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
*Counsel for the United States Trustee*